**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rita RIFE, Defendant–Appellant.**

No. 86–3105.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1987.

Decided Dec. 2, 1987.

Catherine M. FitzSimmons, Ottawa, Ill., for defendant-appellant.

Richard N. Cox, Asst. U.S. Atty., J. William Roberts, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Before WOOD and RIPPLE, Circuit Judges, and GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

The defendant, Rita Rife, appeals from the district court's order revoking her probation. She also complains that the sentence imposed upon her is excessive. We affirm both the probation revocation and the sentence imposed.

On February 24, 1984, Ms. Rife pleaded guilty to a charge of unlawful possession of food stamps in violation of 7 U.S.C. § 2024. The sentence was suspended; Ms. Rife was given a three year term of probation and was ordered to pay restitution.

On August 14, 1986, Ms. Rife's probation officer presented a petition to the court for revocation of probation after Ms. Rife told her probation officer that she had frequently delivered marijuana to her imprisoned husband. In response to the petition, Ms. Rife filed a motion to suppress the statements which she had made to her probation officer and a motion for judgment for lack of cause. The district court denied both motions and revoked Ms. Rife's probation; subsequently, she was sentenced to three years imprisonment on the original charge of unlawful possession of food stamps.

Ms. Rife raises three issues on this appeal. First, she argues that the statements made to her probation officer should have been suppressed because the statements were not made voluntarily. Second, Ms. Rife maintains that she acted without the requisite criminal intent when, under duress, she delivered marijuana to her jailed husband. Finally, she urges that the sentence imposed is excessive.

As to the first issue, Ms. Rife asserted in her brief that the statements made to her probation officer were not made voluntarily, but rather, they were made after the probation officer's express assurances that her statements would be held in confidence. At oral argument, however, her counsel withdrew that contention, recognizing that it is unsupported by the

record. The issue remains as to whether the probation officer *impliedly* assured Ms. Rife that her statements would be held in confidence.

A probationer is charged with knowledge that "the probation officer is duty bound to report wrongdoing by the [probationer] when it comes to his attention, even if by communication from the [probationer] himself." *Fare v. Michael C.*, 442 U.S. 707, 720, 99 S.Ct. 2560, 2569, 61 L.Ed.2d 197 (1978). However, if the probation officer has expressly or impliedly promised that a communication would be held in confidence, the aforementioned rule will not be applied. *Minnesota v. Murphy*, 465 U.S. 420, 432, 104 S.Ct. 1136, 1144–45, 79 L.Ed.2d 409 (1983).

The meeting between Ms. Rife and her probation officer was a routine, regularly scheduled meeting. Ms. Rife initiated the conversation about her drug courier activities by indicating that she wanted to discuss a confidential matter. However, she did not allow the probation officer time to respond to that comment before she disclosed her illegal activities. After the probation officer heard her initial disclosure, he cautioned her that what she had said and what she was about to say could not be held in confidence. Even after this warning, Ms. Rife continued to delineate her involvement in delivering marijuana into the federal prison. We find that no implied promise of confidentiality can reasonably be extracted from these facts.

Ms. Rife contends that the district court erred in revoking her probation because of the defense of duress which she raised at her probation revocation hearing. The United States maintains that she did not put on sufficient evidence to meet her initial burden of establishing such defense. Ms. Rife argues that her husband was being threatened and that she felt she had to help him by bringing in marijuana. She contends that because she acted under pressure, she did not form the requisite

* The Honorable Myron L. Gordon, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

156

mental state to commit a crime. We reject this argument.

Probation may be revoked if the district court is reasonably satisfied that a violation of probation conditions has occurred. *United States v. Warner*, 830 F.2d 651, 655 (7th Cir.1987). The standard used in reviewing a revocation of probation is a showing of an abuse of discretion. *Id.* Did the district court abuse its discretion when it revoked Ms. Rife's probation in light of her defense of duress? We find that the district court did not abuse its discretion.

> Some federal and state cases suggest that a defendant's probation should not be revoked where his failure to comply was not "willful." *See Bearden v. Georgia*, 461 U.S. 660, 669, n. 10, 103 S.Ct. 2064, 2071, n. 10 [76 L.Ed.2d 221] (1983) (collecting cases); 3 W. LaFave & J. Israel, Criminal Procedure § 25.4(a) (1984) (collecting cases). But "willful" in those cases is used in the limited sense that the probationer's failure was beyond his control ...

*Warner*, 830 F.2d at 656. We can conceive of extreme circumstances where probation would appear to be violated, but where the actor was actually forced to commit the act; however, the degree of pressure perceived by Ms. Rife was not such that a reasonable person would regard her act as involuntary or beyond her control.

Probation is designed to provide a period of time for the rehabilitation of the wrongdoer. *United States v. Torrez–Flores*, 624 F.2d 776, 783 (7th Cir.1980). *Warner* held that once the purposes of probation have been frustrated, revocation is appropriate even if the probationer did not willfully violate the conditions of probation. By acting as a courier of drugs, Ms. Rife was frustrating the purposes of her probation; she was no longer conducting herself in a manner that suggests she was in the process of rehabilitation. Revocation was entirely appropriate.

■ A district court has wide discretion in the imposition of sentence. *United States v. Sato*, 814 F.2d 449, 451 (7th Cir. 1987). Once it is determined that the sentence is within the statutory limitation, under present law, appellate review is at an end, unless the trial court relied on material misinformation or constitutionally impermissible factors. *United States v. Oglesby*, 764 F.2d 1273, 1279 (7th Cir.1985).

The permissible sentence in this case was five years, a fine of $10,000 or both; the imposition of a three year sentence was clearly within the statutory framework. Ms. Rife argues that the district court allowed itself to become prejudiced and wanted to make an example of her. Ms. Rife does not suggest that the district court relied on misinformation; rather, she takes issue with the fact that the district court focused on her drug courier activities when pronouncing sentence.

A district court is at liberty to consider a wide range of factors when imposing sentence. This court will not question the relative importance placed on one factor over another. *Sato*, 814 F.2d at 452. Ms. Rife has failed to demonstrate that the district court relied on constitutionally impermissible factors.

At the sentencing hearing, the district court discussed the presentence report, received testimony about the defendant's character and heard from Ms. Rife. The district court's remarks covered Ms. Rife's family problems, her loyalty to her husband, the activities that lead to the probation revocation and the fact that she voluntarily disclosed her illegal actions to her probation officer. These are all factors that the sentencing court had a right to consider. A district court is not required to, nor should it, close its eyes to the facts that illustrate the total picture of the case.

For these reasons, the order revoking defendant's probation and the judgment of the district court sentencing her to three years imprisonment is affirmed.