991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert J. DESANTIS, Defendant-Appellant.
 No. 92-3978.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 The district court found that appellant Albert DeSantis violated the terms and conditions of his probation by violating both state and federal criminal law. The district court then revoked his probation and imposed a two-year sentence. Appellant now argues that his due process rights were violated, and that the court improperly relied upon evidence taken in two previous non-criminal matters. For the reasons stated, we affirm.
 
 
 2
 * Appellant DeSantis entered a guilty plea on September 1, 1989 to two counts of filing false federal income tax returns for the years 1982 and 1983, in violation of 26 U.S.C. § 7206. The court sentenced DeSantis to consecutive one-year terms of imprisonment on each count, but suspended the sentence and placed defendant on three years' probation.
 
 
 3
 A condition of probation was that the probationer not commit another federal, state, or local crime. On June 18, 1992, the probation office filed a petition contending that appellant had violated the terms and conditions of probation by violating both state and federal criminal law. The probation department contended that DeSantis violated state criminal law because he had possessed a liquor permit as a convicted felon, in violation of Ohio Revised Code, § 4303.29(A), and because he failed to register his ownership interest in a liquor establishment, in violation of Ohio Revised Code, § 4303.293(A). The probation department based its findings on an action filed by the Ohio Department of Liquor Control, which resulted in appellant's establishments losing their licenses.
 
 
 4
 The probation department also alleged that defendant violated federal criminal law by engaging in mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. The probation department's evidence was based on E-T-M Enterprises, Inc. v. Albert J. DeSantis, et al., No. 91-CV-982 (S.D.Ohio). In this civil suit, a jury found that DeSantis violated RICO.
 
 
 5
 A probation revocation hearing was held on August 19, 1992. The government presented testimony from participants in both the liquor revocation hearing and the civil RICO suit. In addition, transcripts from these two actions were provided to the court. After hearing the evidence, the court found that DeSantis had violated the terms of his probation. Accordingly, the court imposed a two-year sentence. 18 U.S.C. § 3565. DeSantis now appeals.
 
 II
 
 6
 At issue in the district court was whether the defendant had violated the terms and conditions of his probation. United States v. Rife, 835 F.2d 154 (7th Cir.1987). Probation revocation proceedings are not criminal in nature, and the government is not required to prove the violation beyond a reasonable doubt. United States v. Brown, 899 F.2d 189 (2d Cir.1990). The court need only be "reasonably satisfied" that the probationer violated the terms of his probation. United States v. Smith, 571 F.2d 370 (7th Cir.1978). This court reviews the district court under an abuse of discretion standard. Tiitsman v. Black, 536 F.2d 678 (6th Cir.1976); United States v. Rife, 835 F.2d 154 (7th Cir.1987). Appellant contends that the district court abused its discretion in relying on the E-T-M case and the liquor license revocation hearing.
 
 A. The E-T-M lawsuit
 
 7
 On November 15, 1991, a business partner of appellant, David Mohnke, acting through E-T-M Enterprises, Inc., commenced a civil RICO action against appellant in the Southern District of Ohio. E-T-M v. Albert J. DeSantis, et. al, Case No. 91-CV-982 (S.D.Ohio). The crux of the case concerned a real estate development project known as Hard Road Partnership. E-T-M and the appellant each owned 50%. E-T-M claimed that DeSantis employed wire and mail fraud between 1986 and 1991, in violation of 18 U.S.C. §§ 1341 and 1343. A jury returned a verdict against the appellant.
 
 
 8
 In ruling that DeSantis violated the terms of his probation, the court relied upon this lawsuit. The court examined the transcripts from the E-T-M action and the lawyer for E-T-M testified. The court concluded that DeSantis had committed mail and wire fraud. DeSantis now attacks the court's conclusions.
 
 
 9
 DeSantis first claims that the RICO statute is unconstitutionally vague based upon the "pattern" requirement. See Firestone v. Galbreath, 747 F.Supp. 1556 (S.D.Ohio 1990) (holding the RICO statute as applied unconstitutionally vague based upon the "pattern" requirement), aff'd 976 F.2d 279 (6th Cir.1992). This issue is irrelevant to the present inquiry. We are not examining whether a "pattern" occurred. The district court sought to determine only whether the predicate offenses of mail and wire fraud occurred. The district court made an independent assessment of this issue and found that mail and wire fraud did occur.
 
 
 10
 DeSantis also contends that the E-T-M court relied upon predicate offenses not alleged in the complaint, that special verdict questions were misleading, and that the predicate offenses occurred between 1986 and 1991, whereas DeSantis was only on probation after 1989. This court need not rule on these issues. The trial court in the probation revocation hearing did not retry the E-T-M lawsuit. Rather, the court examined all of the evidence after 1989 de novo, and found that the probationer committed mail and wire fraud during his period of probation. Based upon the record before us, which is replete with evidence of mail and wire fraud after 1989, these conclusions are not an abuse of discretion.
 
 B. The liquor license revocation action
 
 11
 On August 15, 1991, the Ohio Department of Liquor Control filed several complaints with the Ohio Liquor Control Commission against Campus Business, A Limited Partnership ("CBLP"), seeking revocation of permits held by CBLP in the vicinity of Ohio State University. The basis for the complaints was that DeSantis retained an interest in these establishments after a felony conviction, in violation of Ohio Revised Code § 4303.29(A), and that he had attempted to hide this interest, in violation of Ohio Revised Code § 4303.293(A). The evidence revealed that DeSantis hid his interest by creating a straw stockholder through whom he acted. After hearing the evidence, the Commission revoked the licenses, and this decision was affirmed on appeal. Campus Business, A Limited Partnership v. Ohio Liquor Control Commission, 92AP-698, slip op. (Franklin Co.Ct.App.1992).
 
 
 12
 The court relied upon this Liquor Control Commission judgment in deciding to revoke DeSantis's probation. DeSantis now contests the propriety of considering this judgment. We first note that the district court's consideration of the facts in the E-T-M proceeding alone presented sufficient grounds for finding that DeSantis violated probation. Moreover, the district court acted within its discretion when it relied upon the decision in the Liquor Control Commission matter.
 
 
 13
 Appellant's violation of O.R.C. § 4303.293(A) presents sufficient grounds for finding that he violated the liquor laws.[2] This statute requires that any person or company having a direct or indirect interest in a liquor establishment report his or her interest and the interest of any party holding an interest in the ownership of the company. Violation of this statute constitutes a first degree misdemeanor. O.R.C. § 4303.293(B). Probationer argues that it was not his responsibility, but rather the responsibility of the corporation, CBLP, to report his interest. Probationer further argues that insufficient evidence existed to find that he had an interest in Campus Club, and that the statute is void for vagueness.
 
 
 14
 We reject each of these arguments. The evidence revealed that DeSantis attempted to conceal his interest in the Campus Club Operation. He owned the bars prior to his 1989 probation, and altered the ownership structure soon after to conceal his role. He maintained control of the company at all times, and had a duty to report each and every person who had an interest in the corporation. By his actions, DeSantis affirmatively participated in a scheme to misrepresent the company's ownership. The trial court weighed all of the evidence and concluded that the probationer violated § 4303.293(A). The court's ruling does not constitute an abuse of discretion.
 
 III
 
 15
 Appellant also argues that he was denied due process of law. The Due Process Clause imposes procedural and substantive limits on the revocation of the conditional liberty of probation. United States v. Stephenson, 928 F.2d 728 (6th Cir.1991). Appellant contends that he did not receive timely notice of the charges against him, and therefore a due process violation occurred. DeSantis is incorrect. The government provided him an initial report months before the hearing. At least three conferences occurred prior to the hearing, at which time the government discussed the allegations. The defendant also received copies of the transcripts from both the E-T-M suit and the liquor license revocation hearing.
 
 
 16
 DeSantis also claims that the court looked to unreliable testimony when it revoked his probation. Appellant contends that the government used transcripts, thereby denying him the opportunity to cross-examine witnesses. Appellant further contends that the few witnesses that were called were biased. These witnesses were the attorney who prosecuted the liquor case, and the attorney who represented E-T-M.
 
 
 17
 The Federal Rules of Evidence do not apply to probation revocation hearings. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972). However, when seeking to admit evidence by means other than live testimony, the government must show "good cause" for not allowing confrontation. Ibid. To determine "good cause," courts examine the reliability of the evidence as well as the hardship in procuring the actual live testimony. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756 (1973) (substitutes for live testimony, such as affidavits and depositions, may be used in revocation hearings); United States v. Bell, 785 F.2d 640 (8th Cir.1986) (handwritten police reports admissible even though not taken under oath).
 
 
 18
 In the present case, the transcripts from the E-T-M and liquor cases are sufficiently reliable. The testimony occurred under oath and all parties were cross-examined at the earlier hearing by an attorney whose interests were identical to DeSantis's interests in the revocation hearing. Moreover, the mere fact that DeSantis was not well-liked by the government's witnesses does not present sufficient grounds for disregarding their testimony. DeSantis's attorney had ample opportunity to cross-examine these people at the hearing. Accordingly, no due process violation occurred.
 
 
 19
 For the reasons stated, the ruling of the district court is AFFIRMED.
 
 
 
 [1]
 The Honorable Charles W. Joiner, Senior United States District Court Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 The district court found that defendant also violated O.R.C. § 4303.29(A), which makes it illegal for a convicted felon to hold a liquor license. Because we find that the district court acted within its discretion in finding that appellant violated § 4303.293(A), we need not address this issue