**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOHN M. O'LEARY,

     Defendant - Appellant.

No. 96-2248
(D.C. No. CR-92-398-JP)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HENRY** and **LUCERO**, Circuit Judges.

John O'Leary appeals the revocation of his probation. The district court found that O'Leary had violated the special condition of his probation that required him to timely file all income tax returns as required by law. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Background

In 1993, a jury found O'Leary guilty on four counts of willful failure to file income tax returns, in violation of 26 U.S.C. § 7203. Defendant was given a one year suspended sentence, with three years probation. The sentencing judge imposed a special condition of probation, requiring defendant to "comply with all regulations set forth by the Internal Revenue Service and timely file all income tax returns required by law."

In 1996, a probation officer filed a petition to revoke O'Leary's probation. The petition alleged that O'Leary had not filed his income tax returns for the years 1993 and 1994, as required by the terms of his probation. After a probation revocation hearing, the district court found that O'Leary had failed to file income tax returns for the years 1993 and 1994, and that his total income during those years was of a magnitude that would have required returns to be filed. Accordingly, the court concluded that O'Leary violated the special condition of his probation that mandated the filing of all income tax returns as required by law. The court revoked O'Leary's probation and sentenced him to five months imprisonment.[1]

---

[1]The record reflects that defendant was ordered to surrender in December 1996 for service of his sentence. Even if defendant has been released from federal custody and is no longer on probation, this appeal is not moot because of possible collateral consequences, United States v. Reider, 103 F.3d 99, 101 (10th Cir. 1996), of the probation revocation in the event defendant is prosecuted for additional income tax

O'Leary argues on appeal that the district court abused its discretion when it refused to let him introduce testimony from his expert witness. He also maintains that there was insufficient evidence that he willfully violated the terms of his probation.

Revocation of probation is a matter within the district court's discretion. United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). "'Probation may be revoked if the district court is reasonably satisfied that a violation of probation conditions has occurred.'" Id. (quoting United States v. Rife, 835 F.2d 154, 156 (7th Cir. 1987). This court reviews the district court's decision to revoke probation for an abuse of discretion or for fundamental unfairness. Id.

## II. Analysis

We reject O'Leary's argument that the district court abused its discretion when it refused to allow his expert witness, Jack Stagner, to testify. O'Leary's attorney made an offer of proof as to Mr. Stagner's testimony, stating that Mr. Stagner would have testified that he was not able to find a provision in the tax code or regulations that required O'Leary to file income tax returns. See III R. at 21.

---

violations. See Transcript of Probation Revocation Hearing, III R. at 12 (summarizing government's evidence that defendant failed to file returns from 1986 to 1994).

The government objected to Mr. Stagner's testimony, arguing that O'Leary's obligation to file tax returns had already been litigated and established when O'Leary was convicted for failing to file tax returns. The district court agreed that the issue of O'Leary's duty to file tax returns had already been established in the underlying criminal trial and affirmed on appeal. Id. at 24. Accordingly, the district court refused to allow Mr. Stagner to testify.

Defendant argues that Mr. Stagner's testimony was crucial to his defense that he did not willfully fail to file tax returns. Citing Gagnon v. Scarpelli, 411 U.S. 778 (1973), he argues that disallowance of that testimony amounts to a due process violation. See id. at 781-82 & n.5 (holding that revocation of probation requires due process, including the opportunity to present witnesses (citing Morrissey v. Brewer, 408 U.S. 471 (1972)).

We disagree. Even without Mr. Stagner's testimony, the district court knew that O'Leary was of the view that the tax code and regulations did not require him to file income tax returns. See e.g., III R. at 19 (defendant's attorney, addressing the court, stated, "I am sure you are well aware of Mr. O'Leary's argument that there is no regulation or actual requirement in the statutes under the tax code that a tax form has to be filed. . . . [T]his was brought forward at trial."). Mr Stagner's testimony would have added nothing to the proceedings.

The district court judge presiding over the revocation hearing was the same judge who presided at trial over the charges that O'Leary failed to file income tax returns for the years 1986 through 1989. Then, the jury concluded that O'Leary willfully failed to file the returns. This court found sufficient evidence of willfulness to uphold the verdict on appeal. United States v. O'Leary, No. 93-2224, 1995 WL 230292, at *4 (10th Cir. Apr. 18, 1995) (citing as evidence of wilfulness defendant's pattern of filing then failing to file, financial benefit from failing to file, alterations in his W-4 forms, and reliance on tax avoidance book).

With certain exceptions, the tax code and regulations require every individual with income exceeding the exemption amount to file a tax return. 26 U.S.C. § 6012; 26 C.F.R. § 1.6012-1(a). O'Leary has not argued that any of the exceptions exempt him from the filing requirement. The filing requirement has not changed since O'Leary was convicted in 1993 of failing to file income tax returns, as the district court noted when it denied O'Leary's request to have his expert testify to the absence of any filing requirement. See III R. at 19.

At the probation revocation hearing, the government introduced a letter from an Internal Revenue agent to O'Leary, asking him to file his returns for 1986 through 1994. The government also proved that O'Leary earned enough in wages and unemployment compensation for the years 1993 and 1994 to trigger the filing requirement.

Yet, despite the letter from the revenue agent and his previous conviction for failing to file, O'Leary "persists in a pattern of simply refusing to acknowledge that the laws of this nation require the filing of income tax returns when a person is paid sums of the magnitude that he has been paid," as the district court concluded. III R. at 25. Upon our review of the record, we find ample evidence that O'Leary willfully failed to file his income tax returns for 1993 and 1994. The district court did not abuse its discretion in refusing to let O'Leary's expert testify. Nor did it abuse its discretion in revoking probation.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge