UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony BRIGGS, Defendant–
Appellant.

No. 01–4298.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 2002.

Decided July 31, 2002.

Before MANION, ROVNER, and WILLIAMS, Circuit Judges.

### ORDER

Anthony Briggs appeals the district court's revocation of his supervised release. He argues that the court's conclusion that he knowingly violated the terms of his home confinement was not supported by a preponderance of the evidence, and that his sentence of five months' incarceration is plainly unreasonable. We affirm.

Briggs was convicted of conspiracy to commit mail fraud and to submit false claims, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and filing false claims to the United States, in violation of 18 U.S.C. § 287. For his participation in these complex fraud schemes, he was sentenced to five months' imprisonment followed by three years of supervised release, with the first five months to be served as home confinement.

During Briggs's period of home confinement, he failed to answer the phone or be

present at his home on a total of eleven occasions, despite repeated warnings and explanations of the conditions of his confinement. At a hearing to revoke his supervised release, Briggs admitted that he was not at home on the dates that the probation office attempted to contact him. Briggs stated, however, that he did not understand the terms of his home confinement, and therefore could not comply with them. The district court found this explanation to be "not credible" and revoked Briggs's supervised release, imposing five months' imprisonment followed by 28 months of supervised release. We review the district court's decision for abuse of discretion. *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir.1994).

On appeal Briggs first argues that the district court erred in finding that he violated the conditions of his release because his mental incapacity rendered him incapable of forming the intent to violate the conditions of his home confinement. A district court may revoke supervised release if the government demonstrates a violation of the supervised release conditions by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001). We accept the district court's findings of fact, including credibility determinations, unless they are clearly erroneous. *United States v. Knox*, 287 F.3d 667, 669–70 (7th Cir.2002).

At the outset, section 3583(e)(3) provides no grounds to contest a revocation of supervised release based on a defendant's mental deficiency. Indeed, we have held that revocation of supervised release or probation is appropriate regardless of whether the defendant had willful intent to violate the conditions. *United States v. Rife*, 835 F.2d 154, 156 (7th Cir.1987); *United States v. Warner*, 830 F.2d 651, 657 (7th Cir.1987).

■ Even if the absence of intent could excuse a violation of supervised release, the district court did not err in its determination that Briggs's testimony regarding his mental incapacity was not credible. There is ample evidence in the record to support the district court's finding that Briggs violated the terms of his supervised release, and that he did so willfully. The court could have relied solely upon Briggs's own earlier admissions that he was able to comprehend the rules of home confinement. Moreover, the testimony of Briggs's probation officer, who stated that he repeatedly explained the rules and conditions to Briggs, is sufficient to support the district court's finding. *United States v. Galbraith*, 200 F.3d 1006, 1012 (7th Cir. 2000) (findings of fact may be upheld by the testimony of a single witness).

Briggs, on the other hand, merely offered evidence of a psychological evaluation performed in 1986 showing that he had diminished mental capacity. The district court, however, was not persuaded by this dated evaluation. Even if the court had credited Briggs's evidence that he has an I.Q. of 65, he failed to demonstrate the significance of this fact by showing that this mental deficiency renders him incapable of understanding simple directions.

■ Finally, Briggs argues that because his violations of the conditions of supervised release did not involve unlawful activities, the court should not have sentenced him to imprisonment. But he does not deny that once the district court found that Briggs had violated the conditions, it had the discretion to sentence him to a term of imprisonment. *See* 18 U.S.C. § 3583(e)(3). We will reverse a district court's sentence on revocation of supervised release only if it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4); *United States v. Huusko*, 275 F.3d 600, 602 (7th Cir.2001); *United States v. Harvey*, 232

F.3d 585 (7th Cir.2000). Briggs's sentence of five months' incarceration is well within the 3– to 9–month range recommended by the sentencing guidelines policy statement for his criminal history and violation categories. *See* U.S.S.G. § 7B1.4(a) The district court acted reasonably and within its discretion by requiring Briggs's incarceration for the five-month term of home confinement to which he had originally been sentenced.

AFFIRMED.