

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3976

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions*. Paper 1172.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-3976

UNITED STATES OF AMERICA

v.

JOHN JONES
a/k/a
Johnny Jones
a/k/a
John Taylor

John Jones,
Appellant

------------------------
On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 03-cr-00097-1
District Judge: The Honorable Alan N. Bloch
------------------------

Submitted Pursuant to LAR 34.1(a)
May 6, 2005

Before: McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: May 17, 2005)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

John Jones challenges the revocation of his supervised release for failing to abide

by the condition that he report to the probation office within 72 hours of his release from incarceration. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We will affirm the judgment of the District Court.

**Facts**

Jones was sentenced by the District Court to eighteen months' imprisonment for bank fraud. He had been held in a county jail pending trial and sentencing, and by the time Jones was presented at the federal prison, his eighteen-month sentence had run. As a result, he was released from federal prison three days after his arrival, rather than after the eighteen months he was sentenced to serve.

Jones was told by the federal prison officials that he was presented to them from local custody by mistake. At his revocation hearing, Jones claimed he took this to mean that his entire federal sentence was a mistake, abrogating the conditions of his supervised release, and therefore he did not report to the probation office. Jones also contended that his untreated mental illness added to his confusion, and that the death of the mother of his child and the hospitalization of two of his sisters rendered him "emotionally overwhelmed."

The transcript of the colloquy between the District Court and Jones indicates that the District Court discredited Jones's excuses. The District Court noted that Jones's sentence, which included the reporting condition of supervised release, was not a mistake,

and that the transcript of the sentencing indicated that Jones was told of the requirement. The District Court further noted that upon his release Jones was informed by prison officials that he had to report to the probation office the following day. A letter to this effect from the Unit Manager of the United States Penitentiary in Lewisburg, Pennsylvania to the Chief of the United States Probation Office for the Western District of Pennsylvania appears in the Appendix.

The District Court found that Jones had violated the reporting condition of his supervised release, and sentenced Jones to twelve months of incarceration, recommending that he receive drug, alcohol, and mental health treatment while incarcerated. The District Court also imposed substance abuse and mental health treatment as a condition of his supervised release.

**Analysis**

We review the District Court's revocation decision for abuse of discretion, *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001), and its findings of fact in support of that decision for clear error. *United States v. Blackston*, 940 F.2d 877, 892 (3d Cir. 1991).

On appeal, Jones argues that the District Court erred by equating Jones's admission that he did not report to the probation office with a violation of the reporting condition of his supervised release. Though styled as a sufficiency-of-the-evidence question, Jones's contention essentially is that a violation of supervised release on which

a revocation is based must be willful on the part of the probationer. Because of Jones's mental illness and low IQ, and given the mistake which led Jones to be presented to the federal prison when in fact the entirety of his sentence had been served in county jail, Jones's argument continues, it was "plainly unreasonable" for the District Court to find Jones had knowingly violated a condition of his supervised release.

A court "may revoke a term of supervised release, and require the defendant to serve in prison all or part" of the statutorily-authorized supervised release period if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release... ." 18 U.S.C. § 3583(e)(3). This lower standard of proof than is needed to support a criminal conviction is augmented by the absence of other procedural protections in revocation proceedings, making it "far more hazardous for a releasee to wait until a condition has been enforced in order to test its validity." *United States v. Loy*, 237 F.3d 251, 260 (3d Cir. 2001). Further, by its terms, § 3583(e)(3) does not include a scienter requirement. *See id.* at 265 ("[R]elease can be revoked for reasons that have nothing to do with the 'fault' of the offender, but instead are more related to protection of the public."). However, if the fundamental fairness required by due process is implicated, such as where an impecunious probationer makes a good faith attempt to pay a fine, yet is unsuccessful, the Supreme Court has held revocation of probation is improper. *Bearden v. Georgia*, 461 U.S. 660, 672-73 (1982); *see United States v. Rife*, 835 F.2d 154, 156 (7th Cir. 1987) (suggesting that extreme circumstances of duress which result in a

4

violation of a condition of supervised release could make revocation improper).

Jones's admission that he did not report to the probation office within 72 hours of his release alone may have been sufficient evidence for the District Court to revoke Jones's supervised release, *i.e.,* whether the violation of the reporting condition was willful or the product of confusion exacerbated by mental illness may not matter. We need not dwell on the willfulness of the violation, however, because the District Court was entitled to disbelieve Jones's contention that he did not know he had to report to the probation office. Jones's criminal record calls his credibility into question – his underlying offense was bank fraud; among his many prior convictions are two for forgery, one for theft by deception, and two for retail thefts; and he had repeatedly violated the terms of earlier periods of probation by committing additional criminal offenses.

Rather, the District Court was permitted to rely on the letter from the federal prison official stating that Jones had been told to report to the probation office on the day following his release, and also on the hearsay evidence to that effect related to the District Court by the probation officer. *See* FED. R. EVID. 1101(d)(3) (Federal Rules of Evidence inapplicable to revocation proceedings); *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982) (noting that a court may consider hearsay and documentary evidence that would not be allowed in a criminal trial).

Moreover, based on Jones's admission that he is in need of mental health and drug abuse treatment, and the probation officer's inability to corroborate Jones's fitful

averments that he was participating in such treatment while at large, it was within the District Court's discretion to revoke Jones's supervised release in order to protect society from recidivistic behavior and to assure Jones receives the treatment he needs. *See United States v. Knights*, 534 U.S. 112, 119 (2001) ("The State has a dual concern with a probationer. On the one hand is the hope that he will successfully complete probation and be integrated back into the community. On the other is the concern, quite justified, that he will be more likely to engage in criminal conduct than an ordinary member of the community."). As the District Court observed, "[A]t least in prison [Jones] can get some treatment for any mental health problems he might have. Outside, he won't have any."

**Conclusion**

On the record before us, we find neither that the District Court committed clear error in finding that Jones violated the reporting condition of his supervised release nor that the District Court abused its discretion in revoking Jones's supervised release for a period of twelve months for the violation. Therefore, we will affirm the judgment of the District Court.