**UNITED STATES of America,
Appellee,**

v.

**Gerson NAGELBERG, Appellant.**

**No. 677, Docket 33424.**

United States Court of Appeals Second Circuit.

Argued June 17, 1969.

Decided July 23, 1969.

Irwin Klein, New York City, for appellant.

William B. Gray, Asst. U. S. Atty., (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Charles P. Sifton, Asst. U. S. Atty., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District Judge.*

FEINBERG, Circuit Judge:

Gerson Nagelberg appeals from an order of the United States District Court for the Southern District of New York, Charles M. Metzner, J., entered in February 1969, which revoked appellant's probation and put into effect a sentence of two years in prison. The issues before us concern the propriety of both the revocation of probation and the sentence of two years. We turn first to the former.

I

Appellant was originally indicted for violation of 21 U.S.C. §§ 173, 174, but was thereafter allowed to plead instead to a tax count, 26 U.S.C. § 4704(a). Appellant's plea, conviction and sentence all occurred in the Southern District before Judge Thomas F. Murphy in November 1965. Judge Murphy sentenced appellant to two years in prison, but suspended execution of that sentence, placing him on probation for a period of three years. In November 1968, the United States Probation Office filed a petition charging that appellant had violated his probation prior to its expiration. An extensive hearing was held before Judge Metzner in January 1969; twenty witnesses testified. Thereafter, the judge found the facts, in an unpublished opinion, substantially as follows:

After his 1965 conviction, appellant was told the conditions of his probation.

Among them were a restriction on leaving the Southern District of New York without permission of the probation officer, a direction to answer truthfully all inquiries from the officer, and a prohibition against violating any federal penal laws. At the hearing before Judge Metzner, appellant admitted facts which showed a violation of all three, i. e., that without permission he had gone to Marseilles, France in December 1966, that he had subsequently denied this to the probation officer, and that he had failed to register with the Customs Bureau, as required by 18 U.S.C. § 1407. However, appellant testified in defense that his trip to Marseilles was actually an "undercover" assignment at the instance of the Bureau of Narcotics to "make a case" against a "big" narcotics dealer there and that his contact in the Bureau had told him not to worry about his probation and other obligations because he was "covered." We need not decide whether this story, if true, would have negated "intent" to violate probation, as appellant contends. The short of it is that Judge Metzner, who heard appellant and various other witnesses, did not believe him. The judge's resolution of this issue of credibility was not improper upon this record, unless there was an error of law. Appellant says that there was, principally because the judge did not require proof of a violation beyond a reasonable doubt.

While it is not clear from the judge's memorandum opinion that this is so, we will assume that it is. Nevertheless, error was not thereby committed. On a hearing to revoke probation, all that is required is that the court be "satisfied that appellant had abused the opportunity granted him not to be incarcerated." United States v. Markovich, 348 F.2d 238, 241 (2d Cir. 1965). The burden of persuasion is on the Government but it is not the same as in the original trial on the criminal offense which produced the sentence of probation. United States v. Ball, 358 F.2d 367 (4th Cir.), cert. denied, 384 U.S.

---

* Of the District of Montana, sitting by designation.

971, 86 S.Ct. 1863, 16 L.Ed.2d 683 (1966); Manning v. United States, 161 F.2d 827 (5th Cir.), cert. denied, 332 U. S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947). And the standard of review before us is whether the district judge abused his discretion. United States v. Markovich, *supra*. Under that standard, Judge Metzner clearly acted properly. Appellant also argues that the judge's finding rested on inadmissible hearsay, but points to not one instance of such evidence admitted over objection. Finally, appellant makes a desultory claim that he was entitled to a jury trial at the revocation hearing, but the law is to the contrary. Strickland v. United States, 114 F.2d 556 (4th Cir. 1940); cf. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 237, cert. denied, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963).

## II

The question whether Judge Metzner properly imposed sentence at the probation hearing raises a substantial issue. 26 U.S.C. § 7237(a) provides that whoever commits the offense of which appellant was convicted:

> shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000.

Under 26 U.S.C. § 7237(d), however, it is possible to suspend "imposition or execution of sentence" and grant probation, as Judge Murphy did, to a first offender. When probation was revoked by Judge Metzner, the judge concluded that a prison sentence was called for and that if he imposed any prison sentence it had to be for at least two years.[1] Appellant argues that the judge's view of his power was unduly restricted, relying on 18 U.S.C. § 3653, one of the general statutes dealing with probation. That section provides for jurisdiction over a probationer and authorizes his arrest for cause; it then provides that the probationer be brought before the court as

speedily as possible and concludes as follows:

> Thereupon the court may revoke the probation and require him to serve the sentence imposed, *or any lesser sentence*, and, if imposition of sentence was suspended may impose any sentence which might originally have been imposed. [Emphasis added.]

Appellant's argument is based upon a literal reading of the statute. Since Judge Murphy had imposed a two-year sentence and then suspended its execution, appellant argues that Judge Metzner could have required him to serve the sentence imposed "or any lesser sentence." The issue is simply stated: Could the judge who revoked probation (Judge Metzner) impose a prison sentence of less than two years even though the trial judge (Judge Murphy) could not?

Since appellant's argument rests principally on the language of section 3653, an examination of the legislative history of that section is advisable. Prior to 1948, the last sentence of the section read as follows:

> Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed.

Under that language, it seems clear that the probation judge had no more options than the trial judge; i. e., a defendant could not be sentenced to prison for less than the minimum mandatory term by either the trial judge or the probation judge. In 1943, however, the Supreme Court held in Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41, that the sentence upon revocation of probation could not *exceed* the sentence originally imposed by the trial judge. Section 3653 was thereafter amended so that it reads as it does now; the obvious purpose was to conform the language of the section to the holding in *Roberts*. See Reviser's Notes for Sec-

---

1. Judge Metzner stated that if he were not so limited, he would sentence appellant to a one-year term.

tion 3653 in H.R.Rep. No. 304, 80th Cong., 1st Sess. (1947). As a result, the probation judge was restricted to fewer available choices than the trial judge; he could impose the same or a lesser sentence, but not a higher one. Appellant, however, would have us read the change in section 3653 as also increasing the probation judge's options.

This does not make sense to us for several reasons. First, it runs contrary to the obvious limited intent of Congress in amending section 3653. In addition, it cuts across the clear policy of 26 U.S.C. § 7237(a) and other statutes calling for a mandatory minimum sentence. Such statutes are designed to limit the discretion of federal judges in sentencing certain types of offenders by requiring minimum prison terms, although a judge may still be allowed to grant probation.[2] While there is debate over the wisdom of mandatory minimum sentences, compare ABA Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures 142–60 (Tent. Draft 1967), with Model Penal Code §§ 6.06–.07, Comment (Tent. Draft No. 2, 1954), that issue is not for us to resolve. The point is that while such statutes remain in effect, they represent a clear congressional policy which we should not lightly disregard. Finally, appellant's construction leads to an irrational result. If the trial judge suspends imposition of sentence, amended section 3653 makes clear that the probation judge may still impose only a sentence "which might originally have been imposed." However, if the trial judge imposes sentence but suspends execution thereof, acceptance of appellant's view would mean that the options of the probation judge become materially greater. There is no sense in thus distinguishing in consequence between suspension of sentence by the trial judge and imposition of sentence but suspension of the execution thereof. If anything, the latter course should tend to cut down the options of the probation judge, since it informs him of what the trial judge thought an appropriate prison term would be.[3]

For all of these reasons, we reject appellant's construction of section 3653 and hold that the sentencing power of the probation judge in this context is no greater than that of the trial judge. Accordingly, Judge Metzner's conclusion that if he imposed a prison sentence it had to be the statutory minimum was correct. We have also considered appellant's arguments that the two-year sentence was unconstitutionally imposed, but they are without merit.

Judgment affirmed.

---

2. E. g., for some narcotics violations by first offenders. See 26 U.S.C. § 7237(d).

3. The Government also argues that at the time section 3653 was amended in 1948 there were no federal statutes requiring mandatory minimum prison sentences and therefore it was not necessary for Congress then to qualify the phrase "or any lesser sentence." However, while the mandatory minimum requirements of section 7237(a) and other narcotics laws were first enacted in 1951, there were other mandatory minimum provisions in effect in 1948, e. g., 18 U.S.C. § 2114 (postal robbery putting "life in jeopardy" by use of "dangerous weapon"). See United States v. Donovan, 242 F.2d 61 (2d Cir. 1957); Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed. 2d 383 (1963) (subsequent proceeding growing out of same case).