**UNITED STATES of America, Appellee,**

v.

**Frank LETTIERI, Appellant.**

**No. 970, Docket 89–1252.**

United States Court of Appeals,
Second Circuit.

Argued March 26, 1990.

Decided Aug. 13, 1990.

Arza Rayches Feldman, Hauppauge, N.Y., for appellant.

Douglas T. Burns, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., David C. James, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, Chief Judge, and WINTER and MINER, Circuit Judges.

OAKES, Chief Judge:

Frank Lettieri appeals a judgment of conviction entered on April 11, 1989, by the United States District Court for the Eastern District of New York, Leonard D. Wexler, Judge. Lettieri was convicted of violating his probation by failing to comply with special conditions requiring him to file all back income tax returns and to pay a $2500 fine. He was sentenced to a three-

month term of imprisonment. We reverse and remand.

On September 14, 1987, Lettieri was convicted on two counts of filing false and fraudulent tax returns, 26 U.S.C. § 7206(1). Prior to trial, the district court had fined Lettieri $2500 for purposefully and inexcusably delaying the proceedings. Following the conviction, the district court sentenced Lettieri to a three-year term of imprisonment, but required Lettieri to serve only six months and suspended the remaining two-and-one-half years, placing Lettieri on probation for that period. As stated by the district court's Judgment and Probation/Commitment Order, "Special conditions of probation are that defendant pay all tax liabilities and the fine of $2500 within the probationary term." Lettieri was incarcerated on December 9, 1987, and was released on May 9, 1988, therefore commencing his probationary term on that day.

Close to six months later, on October 3, 1988, probation officer Joseph Connelly submitted a violation of probation report stating that Lettieri had done nothing toward either paying the fine or filing his back tax returns. The report also detailed various instances of Lettieri's failure to cooperate with the probation officer. At his violation of probation hearing, held on March 7, 1989, Lettieri gave testimony concerning the filing of his tax returns that Judge Wexler specifically found to be incredible. Nevertheless, the district court found only that Lettieri had failed to pay the fine and had not filed any tax returns for the years 1984, 1985, and 1986. In finding Lettieri in violation of his probationary conditions, the district court rejected Lettieri's claim that his financial and medical conditions prevented him from complying.

■ A probationer seeking to overturn a ruling that revokes his probation faces a heavy burden. The district court does not have to be convinced beyond reasonable doubt, but instead must only be reasonably satisfied, that the probationer has failed to comply with the probationary conditions. *See United States v. Rife*, 835 F.2d 154, 156 (7th Cir.1987); *United States v. Nagel-*

*berg*, 413 F.2d 708, 709–10 (2d Cir.1969), *cert. denied*, 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502 (1970). On appeal we will reverse the district court's finding of a violation of probation only if the district court has abused its discretion. *See United States v. Burkhalter*, 588 F.2d 604, 606 (8th Cir.1978); *Nagelberg*, 413 F.2d at 710.

■ Notwithstanding this steep barrier, we find that the district court abused its discretion in revoking Lettieri's probation. The plain language of the district court's probation order required Lettieri to pay the $2500 fine and file his back tax returns "within the probationary term"—i.e., the period from May 9, 1988, until December 9, 1990. In adjudging Lettieri to be in violation of these conditions on April 11, 1989, over a year-and-one-half prior to expiration of the time Lettieri had been granted to comply with the conditions, we think the district court jumped the gun. *See United States v. Reed*, 573 F.2d 1020, 1023 (8th Cir.1978) (special condition requiring restitution " 'during the period of probation' " lasting five years cannot be violated until the probationary period ends).

Admittedly, given that probation is a matter of grace, it may appear anomalous that Lettieri should have until the last tick of the clock to comply with the special conditions. However, this problem could easily have been cured by incorporating into the original probation order a provision requiring Lettieri to comply with the special conditions within a more confined period of time, for instance during the first year of the probation term, as was the case in *United States v. Caddell*, 830 F.2d 36, 38 (5th Cir.1987). Because the district court did not so provide, we conclude that fairness to Lettieri dictates that we not read into the probation order requirements that simply are not there.

The report of the probation officer and the remarks during the probation hearing by Judge Wexler indicate that they were also concerned with Lettieri's failure to cooperate by giving truthful information concerning his financial status and tax returns. Although the special conditions did not require compliance before December 9,

1990, Lettieri's failure to cooperate and to provide the probation officer and the court with truthful information may well have violated one of the standard conditions of probation, requiring Lettieri to cooperate with the probation officer. For the current version of these conditions, *see* Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures*, Vol. X, Probation Manual, Chap. XV, Sample Forms, Form No. PROB 7A (1989) (standard conditions of probation include a requirement that "[probationer] shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."). Nothing in this opinion precludes the government from seeking a finding of violation on those grounds.

Judgment reversed and case remanded.