UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

Filed 9/19/96

RUSSELL A. LANE,

    Petitioner-Appellant,

v.

TOM R. KINDT; UNITED STATES
PAROLE COMMISSION,

    Respondents-Appellees.

No. 96-6070
(D.C. No. CIV-95-1361-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Russell Lane appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lane was convicted of uttering a U.S. Treasury check with a forged endorsement in 1987, and was sentenced to a minimum of twenty months' and a maximum of five years' imprisonment. He was paroled on March 8, 1989, with 1218 days remaining on his sentence. Under 18 U.S.C. § 4210(b), the Parole Commission's jurisdiction over Lane terminated "no later than the date of expiration of the maximum term." On the date of expiration of Lane's sentence on July 8, 1992, the Commission issued a parole violator warrant to arrest Lane for failing a drug test and committing petty theft. After a hearing, his parole was revoked and time spent on parole was forfeited. Lane appealed to the Parole Commission Appeals Board and argued the Commission's jurisdiction had expired, but the Board ruled the Commission had until midnight on the expiration date to issue a warrant. Lane filed a petition for habeas corpus and the district court dismissed the action, concluding the Commission had jurisdiction over him until midnight on the date his maximum term expired. The Fourth Circuit affirmed the decision. Lane v. United States Parole Commission, 39 F.3d 1177 (Table), 1994 WL 632481 (4th Cir. Nov. 14, 1994).

Lane was again granted parole on June 3, 1994, but his parole was revoked in August 1995 and he was returned to prison with a mandatory release date of October 20, 1995, and a maximum term expiration date of December 4, 1995. He filed the present action in August 1995, again contending the Commission's jurisdiction over him had expired before it issued the warrant. The magistrate court recommended dismissal as a successive petition and the district court agreed.

Since Lane's sentence expired on December 4, 1995, we must consider whether his claim must be dismissed as moot. See United States v. Chavez-Palacios, 30 F.3d 1290,

2

1292-93 (10th Cir. 1994). Lane does not challenge his underlying conviction. Because his sentence has expired, he is no longer subject to any direct restraint as a result of the parole revocation.

Parole revocation does not have the collateral consequences of a criminal conviction that permit courts to hear a challenge to a conviction after the sentence has expired. Accordingly, we conclude Lane's claim is moot. See Lane v. Williams, 455 U.S. 624, 630-33 (1982); Spencer v. Kemna, 91 F. 3d 1114, 1116-18 (8th Cir. 1996). See also Johnson v. Riveland, 855 F. 2d 1477, 1480-82 (10th Cir. 1988) (claim that denial of credit for time in pretrial confinement delayed parole moot after parole granted). But see United States v. Parker, 952 F. 2d 31, 32-33 (2d Cir. 1991); White v. White, 925 F.2d 287, 290 (9th Cir. 1991); Robbins v. Christianson, 904 F.2d 492, 494-96 (9th Cir. 1990).

Moreover, even if we were to conclude the claim is not moot, the district court properly dismissed the petition as successive. Lane raised the same claim in his first habeas petition and that claim was denied on the merits and was affirmed on appeal. We reject Lane's argument that the court should have considered the merits of his claim a second time under the ends of justice exception of 18 U.S.C. § 2244(a) (amended 1996).[1] Because Lane has not claimed innocence, either of the underlying crime or the conduct for which his parole was revoked, he has failed to show a redetermination of the claim is necessary to avoid a fundamental miscarriage of justice. See Schlup v. Delo, 115 S. Ct.

---

[1] On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Title I curtails the scope of collateral review of convictions and sentences. We need not decide the extent to which the amendments to habeas corpus review apply to cases pending when the Act was signed into law or the effect the amendments may have if they do apply because, even under the more expansive scope of review permitted before the Act, Lane's claim is moot.

3

851, 862-64 (1995).  See also George v. Perrill, 62 F.3d 333 (10th Cir. 1995).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge