UNITED STATES of America

v.

William MOTTO.

No. CRIM. 85–214–2.

United States District Court,
E.D. Pennsylvania.

Nov. 12, 1997.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

By final Order dated August 22, 1997, the court sentenced defendant William Motto ("Motto") to a term of imprisonment of 72 days for violation of probation. Pending before the court are motions to correct or reduce the sentence pursuant to Federal Rule of Criminal Procedure 35 (as applicable to offenses committed prior to November 1, 1987), filed by the United States (the "government") and Motto. For the reasons stated below, Motto's motion will be granted.

### FACTS

Motto was convicted of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846; possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and operating a continuing criminal enterprise in violation of 21 U.S.C. § 848. Count 34 of the indictment, charging Motto with violation of 21 U.S.C. § 841(a)(1), is at issue here.

On March 12, 1986, Judge Anthony J. Scirica ("Judge Scirica") suspended imposition of sentence on Count 34. On February 15, 1990, defendant sought post-conviction relief pursuant to 28 U.S.C. § 2255. The § 2255 petition was reassigned to this judge for disposition.

On September 4, 1991, this court granted Motto's § 2255 petition in part and denied it in part. The court vacated sentence on all counts and scheduled a new sentencing hearing. On November 4, 1991, the court, imposing a fine of $100,000 and forfeiture of assets, re-sentenced Motto to a general sentence of 13 years on two of the counts. The court, suspending imposition of sentence on Count 34, placed Motto on probation for a period of five years and fined Motto $25,000.

On June 25, 1992, the court further reduced Motto's sentence pursuant to Federal Rule of Criminal Procedure 35(b). The court amended the November 1, 1991 sentence for Count 34 as follows:

On Count 34, a fine in the amount of $25,000 is imposed but imposition of sentence of custody is SUSPENDED and, upon release from custody, defendant is placed on probation for a period of five (5) years, the first six (6) months of which are to be spent at Greater Philadelphia Center for Community Corrections ("GPCCC"), with work-release privileges and release for medical treatment only except by express permission of the court.

The government filed a petition for violation of probation on June 27, 1997. The petition alleged: 1) Motto violated the special condition of probation to pay a $125,000 fine; and 2) he misrepresented to the probation officer his ability to satisfy his fine obligation of $125,000 and his ability to pay only $100 per month toward his fine. The government filed an amended petition for violation of probation.

The court held preliminary hearings on June 30, 1997 and July 1, 1997 and final revocation of probation hearings on August 15 and 18, 1997. On August 18, 1997, the court found Motto to be in violation of probation and sentenced him to 34 additional days of incarceration. The court modified that Order on August 22, 1997, to clarify that the total period of incarceration was 72 days. The court did not impose a term of special parole for the new sentence imposed on Count 34.

The government has filed a motion under Federal Rule of Criminal Procedure 35 to correct the sentence of 72 days incarceration imposed in August, 1997, by adding a mandatory term of special parole of at least three years. Motto has filed a motion under Rule 35(b) to vacate the August, 1997 sentence and impose a sentence terminating Motto's probation without imposition of incarceration.

## DISCUSSION

### I. The Government's Rule 35 Motion

■ A sentence imposed upon revocation of probation is "most properly viewed as a consequence of the original criminal conviction." *United States v. Dozier,* 119 F.3d 239, 241 (3d Cir.1997) (citing cases). For offenses committed prior to November 1, 1987, the date on which the Federal Sentencing Guidelines went into effect, the pre-existing law applies to all substantive matters, including sentencing options. *See United States ex rel. D'Agostino v. Keohane,* 877 F.2d 1167, 1169 (3d Cir.1989). Therefore, the court must analyze the law in existence when Motto was initially sentenced.

■ The Supreme Court noted the distinction between the suspended imposition of sentence and the suspended execution of sentence.

After judgment of guilt, the trial court is authorized "to suspend the *imposition or execution* of sentence and to place the defendant upon probation ...." (Italics supplied.) By this language Congress conferred upon the court a choice between imposing sentence before probation is awarded or after probation is revoked. In the first instance the defendant would be sentenced in open court to imprisonment for a definite period; in the second, he would be informed in open court that the imposition of sentence was being postponed. In both instances he then would be informed of his release on probation upon conditions fixed by the court. The difference in the alternative methods is plain. Under the first, where execution of sentence is suspended, the defendant leaves the court with knowledge that a fixed sentence for a definite term of imprisonment hangs over him; under the second, he is made aware that no definite sentence has been imposed and that if his probation is revoked the court will at that time fix the term of his imprisonment.

*Roberts v. United States,* 320 U.S. 264, 267–68, 64 S.Ct. 113, 115, 88 L.Ed. 41 (1943). Congress intended to draw a distinction between the power to suspend execution of sentence and the power to defer its imposition. *See id.* at 268, 64 S.Ct. at 116.

■ The Court, quoting the Attorney General's Survey of Release procedures published in 1939, stated:

Where imposition of sentence was originally suspended and probation granted, and the probation and suspension are later revoked, it is plain that before the offender can be imprisoned imposition of sentence is necessary. And since the case reverts to its status at the time probation was granted, the court clearly is free to impose "any sentence which might originally have been imposed."

*Id.* at 271, 64 S.Ct. at 117. Accordingly, the court must look to the law in effect at the

time Judge Scirica originally suspended imposition of sentence, which in turn was the law in effect at the time Motto committed the offense described in Count 34. The relevant statute governing revocation of probation provided:

> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, *may* impose any sentence which might originally have been imposed.

18 U.S.C. § 3653 (1985) (emphasis added).[1]

Motto places much emphasis on the word "may" in § 3653. He argues that language gives the court discretion to impose any sentence that Judge Scirica could have imposed or any other sentence that this court deems appropriate.

The penalty for Count 34 in effect at the time of Motto's indictment and original sentencing provided:

> In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000 or both .... Any sentence imposing a term of imprisonment under this paragraph *shall,* in the absence of such a conviction, impose a special parole term of at least 3 years in addition to such a term of imprisonment.

21 U.S.C. § 841(b)(1)(A) (1984) (emphasis added).[2]

Under the applicable sentencing statute, the only sentence Judge Scirica could have imposed would have included a term of special parole for at least three years. The government argues the discretionary language in § 3653 states the court "may" impose any sentence that Judge Scirica could have imposed. In this instance, the original sentencing statute did not offer any alternatives from which this court can choose. Therefore, this court "may" only impose the sentence that Judge Scirica would have been bound to impose at the time of sentencing. *See United States v. Olivares–Martinez,* 767 F.2d 1135, 1137 (5th Cir.1985) (probation court may impose any sentence the trial court could have imposed); *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir. 1980) (same).

The Court of Appeals has concluded a term of special parole was required for sentences of imprisonment imposed under 21 U.S.C. § 841(b) prior to October 12, 1984. *See United States v. Gozlon–Peretz,* 894 F.2d 1402, 1403–04 (3d Cir.), *amended,* 910 F.2d 1152 (3d Cir.1990), *aff'd,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). The sentencing power of a probation court is no greater than that of the trial court. *See United States v. Nagelberg,* 413 F.2d 708, 711 (2d Cir.1969), *cert. denied,* 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502 (1970). A court sentencing a defendant for violation of probation cannot impose less than the mandatory minimum sentence required under the statute of conviction. *See id.* Therefore, the government is correct that this court, in sentencing Motto to a term of incarceration, was required to include a term of special parole of at least three years.

## II. Motto's Rule 35(b) Motion

■ Motto argues that, even if the government is correct that the court should have included a term of special parole in its August, 1997 sentence, the court can avoid that conclusion by vacating the sentence under old Federal Rule of Criminal Procedure 35(b). The version of Rule 35(b) that applies in this case allowed a court to reduce a sentence upon motion by the defendant within 120 days of the imposition of the sentence. *See* Fed.R.Crim.P. 35(b) (1985). Motto's mo-

---

1. Both parties agree on the applicable statutory provisions, they simply disagree on the application of those provisions to these facts.

2. Due to congressional oversight, there was a window of time between October 12, 1984, when Congress enacted the Comprehensive Crime Control Act of 1984, and October 27, 1996, when Congress passed the Anti–Drug Abuse Act of 1986, when violations of § 841 did not require special parole or supervised release for all sentences of imprisonment. Because Motto committed the offenses in Count 34 during September, 1984, that statutory gap does not apply.

tion urged the court to hold his motion under advisement until 72 days had passed from the time of the August, 1997 sentencing, and then modify the August, 1997 Order to revoke Motto's probation but impose no period of incarceration. This would have effectuated the court's desire to punish Motto for his transgressions but also avoid imposition of special parole. While the cross-motions were pending, Motto served the 72 days incarceration but his argument is still persuasive.

The function of old Rule 35(b) was to "give every defendant a second round before the sentencing judge, and [to afford] the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented ... in the interim." *United States v. Ellenbogen,* 390 F.2d 537, 543 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). The government's recent position, raised after sentence was imposed in August, that a term of special parole is mandatory, is "further information about the ... case" that the court deems relevant to Motto's Rule 35(b) motion.

At the hearing on August 18, 1997, Motto had been in custody since July 18, 1997 for violation of probation based on the court's finding of probable cause for violation. Following a final hearing, the court determined Motto should spend the rest of his probationary term in custody for concealing his assets and ability to pay the fine imposed at sentencing. The court considered that punishment adequate because by the time of the final hearing on violation of probation, the fine had been paid in full. The court refused the government's request for an extended term of imprisonment and lifetime special parole because it viewed such a sentence as disproportionate to the offense in the circumstances and an effort to enhance his original sentence and/or punish Motto for uncharged drug and tax offenses.

The court was mindful that the facts regarding Motto's ability to pay his fine had been long known to the government but not revealed to the Probation Office or the court despite repeated requests to provide evidence of probation violations if available to aid the court in its supervision of this proba-

tioner. Only the persistence of the Probation Office at the urging of the court resulted in the violation hearing that forced payment of the fine. The court considered all circumstances in declining to impose a term of special parole. Had the court known a special parole term of at least three years was mandatory if a sentence of imprisonment were imposed, the sentence would not have been custodial; the punishment would have imposed an additional financial burden as fitting the offense.

To effectuate the court's intent, it is necessary to grant Motto's Rule 35(b) motion, vacate the sentence of imprisonment and terminate the probation without imprisonment. This does not depreciate the seriousness of the offense because the violation hearing forced the payment of the fine in full. The violation of probation should not be used to increase the penalty for the original offense nor to punish defendant for the other offenses the government has not charged because they cannot be proved beyond a reasonable doubt. The government may still indict Motto for any offense (e.g., drug dealing, tax evasion, perjury) it can prove.

The court has consulted its probation officer who is in agreement with this disposition. Although the defendant lied to the probation officer and failed to reveal his income and assets, this was concealed from the court not only by the defendant but by the government as well. The court's disposition sends an appropriate message.

An appropriate order follows.

### ORDER

AND NOW, this 12th day of November, 1997, upon consideration of the motions to correct or reduce sentence filed by the United States of America (the "government") and defendant William Motto ("Motto"), after a hearing in which counsel for both parties were heard, and in accordance with the attached Memorandum, it is hereby **ORDERED** that:

1. Motto's motion to alter the August, 1997 sentence pursuant to Federal Rule of Criminal Procedure 35(b) is **GRANTED.**

2. The court's sentence imposed on August 18, 1997, as modified on August 22, 1997, is **MODIFIED** as follows: Motto's probation is **REVOKED;** no term of incarceration is imposed because all fines due and owing have been paid.

3. The government's motion to impose a term of special parole pursuant to Federal Rule of Criminal Procedure 35 is **DENIED.**