UNITED STATES of America,
Appellee,

v.

Douglas ANDERSON, Defendant–
Appellant.

Docket No. 01–1302.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2002.

Gregory L. Brown, Assistant United States Attorney, for Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Gerald T. Walsh, Zdarsky, Sawicki & Agostinelli, Buffalo, NY, for Appellant.

Present CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED in part, VACATED in part, and the matter REMANDED.

Defendant Douglas Anderson appeals from the district court's judgment sentencing him for violation of probation. Anderson was originally convicted of mailing a threatening communication in violation of 18 U.S.C. § 876, for which he was sentenced to three years of probation including six months of home confinement. As part of his probation sentence, he was required to refrain from any unlawful use of a controlled substance and to submit to substance abuse evaluation, treatment, and testing. Anderson violated the terms of his probation sentence by failing to submit

to drug testing and testing positive for marijuana. The district court revoked the sentence of probation. It determined that the suggested sentencing range for his violation under § 7B1.4 of the United States Sentencing Guidelines was three to nine months imprisonment. The court further determined that § 7B1.4 required adding Anderson's six month term of unserved home detention to a sentence in the three to nine month guideline range. The court sentenced Anderson to a twelve month term of incarceration.

Anderson contends that the district court abused its discretion in revoking his probation. District courts have wide discretion in such matters. *See United States v. Parker,* 952 F.2d 31, 33 (2d Cir. 1991). Considering Anderson's repeated refusals to submit to testing and his repeated positive tests for marijuana, we cannot say that the district court abused its discretion.

Anderson contends the district court erred in admitting a lab report as evidence of his drug use. He also claims that the district court improperly refused to require live witness testimony to affirm the reliability of the report in violation of the Sixth Amendment right of confrontation and Federal Rule of Criminal Procedure 32.1(a)(2)(D). The district court granted Anderson a continuance to determine whether his lawful medications may have caused a false positive on the drug test. Anderson submitted no evidence. Nor did he seek to subpoena a witness from the chemistry lab that prepared the report. Given that Anderson was afforded ample opportunity to challenge the urinalysis report but offered no challenge, and that there was good cause in the absence of a challenge to admit the report without live testimony, *see United States v. Pierre,* 47 F.3d 241, 243 (7th Cir.1995); *United*

*States v. McCormick*, 54 F.3d 214, 222 (5th Cir.1995), we conclude either that there was no error or that any conceivable technical error could have had no bearing on the result of the hearing. *See United States v. Tropeano*, 252 F.3d 653, 659, n. 6 (2d Cir.2001).

■ We find no merit in Anderson's further contention that the court's ruling constituted a denial of his religious freedom in violation of the First Amendment. As the district court's revocation of probation was based in part on Anderson's refusal to submit to drug testing, and he does not argue that his religion prohibits testing, we need not determine whether marijuana use is a bona fide religious practice within his religion.

■ Finally, Anderson contends the district court misapprehended its authority in assuming that it "must add six months imprisonment to any sentence imposed under 7B1.4" on account of his six months of unserved home detention. We agree in part. Although the district court was required to add this unserved period of home detention, it could have added this period as a term of home detention rather than imprisonment. *See* Sentencing Guidelines, § 7B1.3(d). Accordingly, we remand to the district court for further consideration.

We have considered the appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and the matter REMANDED.