13-349-cr, 13-1056-cr
United States v. Kestenbaum

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

Present: ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge*,
　　　　　CHESTER J. STRAUB,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

　　　　　　　*Appellee*,

　　　　　v.　　　　　　　　　　　　　　　Nos. 13-349-cr, 13-1056-cr

JOSHUA KESTENBAUM,

　　　　　　　*Defendant-Appellant*.

———————————————————————————

For Appellee:　　　　　　JAMES G. MCGOVERN, Assistant U.S. Attorney (David C. James, Ilene W. Jaroslaw, and Bonni J. Perlin, Assistant U.S. Attorneys, *on the brief*), *for* Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellant:　　ALAN LEWIS (Michael Shapiro, *on the brief*), Carter Ledyard & Milburn LLP, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**, but

**REMANDED** for the district court to add the intended attachment to its written statement of

reasons.

Defendant-Appellant Joshua Kestenbaum appeals from an amended judgment entered

March 14, 2013, and a second amended judgment entered April 10, 2013, by the United States

District Court for the Eastern District of New York (Gershon, *J.*), which sentenced him to three

years' imprisonment after finding that he had violated the terms of his probation. He challenges

the district court's findings that he violated the terms of his probation by willfully failing to

make his scheduled restitution payments and by intentionally making false statements to the

government in violation of 18 U.S.C. § 1001. He also argues that the government should be

required to prove a probation violation beyond a reasonable doubt, rather than by a

preponderance of the evidence, and that his sentence was procedurally and substantively

unreasonable. We assume the parties' familiarity with the underlying facts, procedural history,

and issues on appeal.

We review a district court's ultimate decision as to whether a probation violation has

occurred for abuse of discretion, and we review its underlying factual findings for clear error.

*United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012). We find clear error only when

the record as a whole leaves us with a "definite and firm conviction that a mistake has been

committed." *Id.* (quoting *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008)).

Kestenbaum provides plausible reasons for believing that his failure to pay restitution

was not willful, and that the false statements that he made to the government were not intentional

falsehoods. But though his explanations are colorable, they are not compelling. We do not

believe the district court clearly erred in rejecting Kestenbaum's view of the evidence, or that it abused its discretion in finding that Kestenbaum had violated the terms of his probation.

As for Kestenbaum's argument that probation violations must be proved beyond a reasonable doubt, it is squarely foreclosed by our precedent. To find a probation violation, "[t]he district court does not have to be convinced beyond reasonable doubt, but instead must only be reasonably satisfied, that the probationer has failed to comply with the probationary conditions." *United States v. Lettieri*, 910 F.2d 1067, 1068 (2d Cir. 1990).

Finally, we review Kestenbaum's sentence for procedural and substantive reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Carr*, 557 F.3d 93, 107 (2d Cir. 2009). A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)); in other words, where the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

We apply the familiar abuse of discretion standard in determining whether a sentence is reasonable, examining questions of law de novo and factual findings for clear error. *Gall*, 552 U.S. at 51; *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). If the asserted error was not preserved by a contemporaneous objection, we will normally review only for plain error.

*Puckett v. United States*, 556 U.S. 129, 133-36 (2009); *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).

Kestenbaum argues first that the district court's decision was procedurally unreasonable because the district court focused on the sentencing range that the Guidelines recommended for his original offense (108-135 months) rather than the range they recommended for his probation violation (4-10 months). That argument fails. The district court correctly calculated and considered the range recommended in the applicable Guidelines policy statement for Kestenbaum's probation violation. It then recognized that it was also permitted to consider the Guidelines range for Kestenbaum's original offense, and made a conscious decision to take that original range into account. The record thus shows that the district court understood and carried out its duty to consider the correct Guidelines recommendation, and properly "resentence[d] the defendant for the crime of conviction mindful that he ha[d] breached the trust placed in him by a probationary sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 130 n.6 (2d Cir. 2008).

Next, Kestenbaum argues that the district court procedurally erred by failing to adequately explain its sentence. We disagree. When a district court explains its sentencing decision, "the length and level of detail required varies depending upon the circumstances." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). "[W]e do not insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually." *Id.* Here, the district court's explanation was more than sufficient to show that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). We therefore see no procedural error here.

We also reject Kestenbaum's claim that his sentence was substantively unreasonable. A three-year sentence does not fall outside the range of permissible sentencing decisions here, given the seriousness of Kestenbaum's original offense conduct and his multiple probation violations. *See Verkhoglyad*, 516 F.3d at 135 ("[O]n revocation of probation, a resentence that falls within the range for the underlying crime of conviction will rarely qualify as too severe to be substantively reasonable."). Even considering the substantial mitigating factors present here, including Kestenbaum's voluntary confession and his extraordinary cooperation with law enforcement, we do not believe the district court's chosen sentence was too long to be considered reasonable.

One matter remains to be addressed. The district court appears to have inadvertently omitted an intended attachment to the April 2013 amended judgment's written statement of reasons regarding Kestenbaum's sentence. We therefore remand "solely to permit the district court to amend its written judgment to satisfy the ministerial duty to memorialize its stated reasons for sentencing." *Verkhoglyad*, 516 F.3d at 134.

We have considered Kestenbaum's remaining arguments and find they lack merit. For the reasons given above, we **AFFIRM** the district court's judgment, but **REMAND** for the district court to add the intended attachment to its written statement of reasons.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5