United States v. Frances

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
Circuit Judges,
GARY L. SHARPE,
District Judge.$^{*}$

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
<u>Appellee</u>,

-v.-                                    14-1756

ISAAC FRANCES, A/K/A JACQUES FRANCES,
<u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          HARVEY L. GREENBERG, Greenberg & Wilner, LLP, New York, New York.

---

$^{*}$ The Honorable Gary L. Sharpe, Chief District Judge for the United States District Court for the Northern District of New York, sitting by designation.

**FOR APPELLEE:**                    DREW JOHNSON-SKINNER (<u>with</u> Brian A. Jacobs and Kathryn Martin) <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Isaac Frances appeals from an amended judgment entered on May 2, 2014, in the United States District Court for the Southern District of New York (Seibel, <u>J.</u>), revoking his term of probation and sentencing him to a term of four months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2009, after a guilty plea, Frances was sentenced principally to a term of five years' probation. During his probationary period, Frances was arrested and charged, in state court, with sexual assault. Based on these charges, the Probation Office petitioned the district court to revoke his probation. Frances, who was ultimately acquitted of the charges in state court, denied the specifications set forth in the petition to revoke his probation. Prior to an evidentiary hearing, the parties agreed that the government bore the burden of proof by a preponderance of the evidence.

Observing that this was a very close case, the district court ultimately found that the government sustained its burden of proving, by a preponderance, four of the five specifications charged against Frances. On appeal, Frances challenges the sufficiency of the evidence that supported revocation of his probation and the reasonableness of the sentence imposed.

"On appeal we will reverse the district court's finding of a violation of probation only if the district court has abused its discretion." <u>United States v. Lettieri</u>, 910 F.2d 1067, 1068 (2d Cir. 1990). The district court need only be reasonably satisfied that a probationer has failed to comply

2

with the conditions of probation to revoke a sentence." United States v. Colasuonno, 697 F.3d 164, 181 (2d Cir. 2012) (internal quotation marks omitted).  We have not expressly considered whether the preponderance standard always satisfies the "reasonable satisfaction" standard, and have no occasion to do so here.  Frances has waived any challenge to the revocation of his probation on that ground.  Although the district court acknowledged that this case is a close one, its findings of fact were not clearly erroneous and we therefore reject Frances's sufficiency challenge.  See id. at 181; see also United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008).

Frances's challenge to his sentence is without merit. The district court appropriately considered the factors set forth in 18 U.S.C. § 3553(a) and this Court will not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc).  The sentence imposed was both procedurally and substantively reasonable.

For the foregoing reasons, and finding no merit in Frances's other arguments presented on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK